UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BRAVO BRIO RESTAURANTS, LLC,** | **Case No. 6:25-bk-05224** *Lead case (proposed)* |
| | *Jointly Administered with (proposed)* |
| **BRAVO (LOUISVILLE), LLC,** | **Case No. 6:25-bk-05225** |
| **BRIO (CHERRY HILL), LLC,** | **Case No. 6:25-bk-05226** |
| **BRIO (IRVINE), LLC,** | **Case No. 6:25-bk-05227** |
| **BRIO (TEXAS), LLC,** | **Case No. 6:25-bk-05228** |
| Debtors. / | |

DEBTORS' EMERGENCY MOTION
FOR ORDER DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(B)

> THE DEBTORS RESPECTFULLY REQUEST THAT AN EMERGENCY HEARING ON THE RELIEF REQUESTED IN THIS MOTION BE HELD ON OR BEFORE THURSDAY, AUGUST 21, 2025.

**BRAVO BRIO RESTAURANTS, LLC** ("BBR") together with **BRAVO (LOUISVILLE), LLC, BRIO (CHERRY HILL), LLC, BRIO (IRVINE), LLC**, and **BRIO (TEXAS), LLC** (collectively as the "Affiliated Debtors" and together with "BBR" as the "Debtors"), by and through their undersigned counsel, respectfully move, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1,[1] for entry of an order directing joint administration of the above-captioned Chapter 11 cases for procedural purposes only. In support, the Debtors state as follows:

---

1 "Bankruptcy Code" refers to 11 U.S.C. §§ 101–1532 (2025); "Bankruptcy Rules" refers to Fed. R. Bankr. P. (2025); "Local Rules" refers to Bankr. M.D. Fla. R. (2025).

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory bases for the relief sought herein are section 105(a) of the Bankruptcy Code, as contemplated by Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## Procedural Background

3. On August 18, 2025, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida, Orlando Division. No trustee has been appointed, and each Debtor continues to operate its businesses and manage its property as a debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code

## Facts Supporting Joint Administration

4. The Debtors share common management and, ultimately, common ownership. The Debtors are also affiliates of one another as provided by 11 U.S.C. § 101(2) as, by or between them, they: (a) directly or indirectly own, control, or hold the power to vote in one or more of the Debtors; and/or (b) their respective businesses or most of their property are subject to common operating agreements.

**5.** Most importantly, for purposes of this Motion, BBR is the parent LLC and sole owner of the Affiliated Debtors. BBR owns and operates restaurants nationwide under the names of *Bravo! Italian Kitchen* ("Bravo!") and *Brio Italian Grille* ("Brio"). BBR handles all staffing, operations, and payroll for this restaurant enterprise. The Affiliated Debtors are utilized by BBR to either hold assets or as signatories to leases for Bravo! and Brio locations in various states across

the country. The business operations are run out of BBR's corporate offices in Orlando, Florida. There are forty-eight (48) Bravo! and Brio restaurant locations nationwide, complete listings of the restaurant addresses are available on the companies' websites.[2]

### Relief Requested

6.  By this Motion, the Debtors seek, pursuant to Bankruptcy Rule 1015(b), entry of an order directing procedural consolidation and joint administration of their Chapter 11 cases.

7.  The Debtors share management, ownership, and contractual liabilities and obligations. Joint administration of the Debtors' Chapter 11 cases will (a) prevent the repetitive filing and service of numerous pleadings, (b) ease the administrative burden on the Court, Debtors, and Debtors' creditors, and (c) reduce the costs for all parties in administering the above-captioned bankruptcy cases.

### Basis for Relief

8.  Bankruptcy Rule 1015(b) provides, in relevant part: "The court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against: … a debtor and an affiliate." Fed. R. Bankr. P. 1015(b)(1)(D). In doing so, the Court "must consider how to protect the creditors of different estates against potential conflicts of interest." Fed. R. Bankr. P. 1015(b)(2).

9.  According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for matters occurring in the administration thereof, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other pending administrative matters "that may aid in expedition of the cases and rendering the process less costly."

---

[2] *See* https://www.bravoitalian.com/locations/ and https://www.brioitalian.com/locations/.

10. Jointly administering the Debtors' Chapter 11 cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, and other pleadings and motions in these cases will affect multiple Debtors. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases.

11. Joint administration will also enable parties in interest in each of the above-captioned Chapter 11 cases to be apprised of the various matters before the Court in all these cases.

12. Because these cases involve multiple Affiliated Debtors with numerous potential creditors—many of whom are shared creditors—the entry of an order directing joint administration will: (i) significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court; (ii) simplify for the Office of the United States Trustee the supervision of the administrative aspects of these Chapter 11 cases; (iii) render the completion of various administrative tasks less costly; and (iv) minimize the number of unnecessary delays associated with the administration of numerous separate Chapter 11 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these cases, as each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

13. Accordingly, the Debtors submit that joint administration of the above-captioned Chapter 11 cases is in their best interests, as well as those of their respective estates, creditors, and

other parties in interest. A proposed order granting this motion and the joint administration of the Debtors' Chapter 11 cases is attached as **Exhibit A**.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** containing the applicable requirements of Local Rule 1015-1: (i) granting this Motion, (ii) directing joint administration of these Chapter 11 cases; and (iii) granting the Debtors such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 19th day of August 2025.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No.: 984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Avenue, Suite 1120
Orlando, Florida 32801
Telephone: (407) 337-2060
*Attorneys for the Debtors*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 19, 2025, a true and correct copy of the foregoing *DEBTORS' EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(B)* has been uploaded for filing with the Clerk of Court in the above-referenced bankruptcy case via the Court's CM/ECF system, which will furnish an electronic Notice of Filing to all parties in interest receiving electronic noticing, including the following, who are registered to receive electronic notices in this case: UNITED STATES TRUSTEE – ORL (USTP.Region21.OR.ECF@usdoj.gov).

    I FURTHER CERTIFY that August 19, 2025, I caused a true and correct copy of the foregoing to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to:

| | |
|---|---|
| THE PARTIES LISTED ON THE ATTACHED MAILING LIST(S). | DEBTORS<br>ATTN: MR. THOMAS AVALLONE, PRES/MGR<br>4700 MILLENIA BLVD, STE 400<br>ORLANDO, FL 32839 |
| GPEE LENDER, LLC<br>C/O NEUKAMM, MICHAEL, REGISTERED AGENT<br>301 E. PINE STREET, STE 1400<br>ORLANDO, FL 32802 | |

                                                  /s/ R. Scott Shuker
                                                  R. Scott Shuker