# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BRAVO BRIO RESTAURANTS, LLC,** | **Case No. 6:25-bk-05224** |
| | *Lead case* |
| | *Jointly Administered with:* |
| **BRAVO (LOUISVILLE), LLC,** | **Case No. 6:25-bk-05225** |
| **BRIO (CHERRY HILL), LLC,** | **Case No. 6:25-bk-05226** |
| **BRIO (IRVINE), LLC,** | **Case No. 6:25-bk-05227** |
| **BRIO (TEXAS), LLC,** | **Case No. 6:25-bk-05228** |
| **Debtors.** _____/ | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION**
**FOR ORDER DIRECTING JOINT ADMINISTRATION OF**
**CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(B)**

**THIS CASE** came before the Court on August ___, 2025, at __:__ a.m./p.m. for consideration of the Debtors' Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) (Doc. No. ___) (the "Motion") filed in the following Chapter 11 Cases: *In Re: Bravo Brio Restaurants, LLC*, Case No: 6:25-bk-05224; *In re:*

*Bravo (Louisville), LLC*, Case No: 6:25-bk-05225; *In re: Brio (Cherry Hill), LLC*, Case No: 6:25-bk-05226; *In re: Brio (Irvine), LLC*, Case No: 6:25-bk-05227; and *In re: Brio (Texas), LLC*, Case No: 6:25-bk-05228 (collectively, the "Bankruptcy Cases"). The Court finds that joint administration of the Bankruptcy Cases is justified. Accordingly, it is

    **ORDERED**:

    1.    The Motion (Doc. No. __) is **GRANTED**.

    2.    The Bankruptcy Cases shall be jointly administered and *In Re: Bravo Brio Restaurants, LLC*, Case No: 6:25-bk-05224 is designated as the "Lead Case."

    3.    The Clerk of Court shall maintain a single case docket using the Lead Case number.

    4.    The Clerk of Court shall maintain separate claims registers and ballot files (if separate plans are filed) for each of the Bankruptcy Cases.

    5.    Except as otherwise set forth below, all papers including, without limitation, motions, applications, notices, monthly operating reports, and orders shall be filed in the Lead Case and shall bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BRAVO BRIO RESTAURANTS, LLC,** | **Case No. 6:25-bk-05224**<br>*Lead case* |
| | *Jointly Administered with:* |
| **BRAVO (LOUISVILLE), LLC,** | **Case No. 6:25-bk-05225** |
| **BRIO (CHERRY HILL), LLC,** | **Case No. 6:25-bk-05226** |
| **BRIO (IRVINE), LLC,** | **Case No. 6:25-bk-05227** |
| **BRIO (TEXAS), LLC,** | **Case No. 6:25-bk-05228** |
|       **Debtors.** | |
| _____ / | |

6. The Clerk of Court shall docket this Order in each of the Bankruptcy Cases and give notice to all CM/ECF filers and PACER users that all future filings shall be filed and docketed in the Lead Case.

7. The following papers shall be filed in the separate Bankruptcy Cases, captioned with the name and case number for that particular case:

(a) List of creditors pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure;

(b) Schedules and statements of financial affairs (and any amendments thereto);

(c) Claims and notices of transfers of claims (however, objections to claims shall be filed in the Lead Case and shall specify the jointly administered case to which the objection applies);

(d) Ballots (if separate plans are filed); and

(e) Motions for final decree.

8. Each of the jointly administered Debtors shall file separate monthly operating reports to be docketed in the Lead Case.

9. Papers and orders that pertain to one or more **specific** Debtor(s) shall be filed in the Lead Case; however, the caption of the paper or order shall designate the specific Debtor(s) to which the paper or order applies. The caption of the paper and or order shall be in the following form:

*Intentionally blank*
*Form of caption follows on next page*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BRAVO BRIO RESTAURANTS, LLC,** | **Case No. 6:25-bk-05224** |
| | *Lead case* |
| | *Jointly Administered with:* |
| **BRAVO (LOUISVILLE), LLC,** | **Case No. 6:25-bk-05225** |
| **BRIO (CHERRY HILL), LLC,** | **Case No. 6:25-bk-05226** |
| **BRIO (IRVINE), LLC,** | **Case No. 6:25-bk-05227** |
| **BRIO (TEXAS), LLC,** | **Case No. 6:25-bk-05228** |
|           **Debtors.**               / | |

**[Name of Specific Debtor]**
**[Case Number]**
          **Applicable Debtor.**           /

      10.     Debtors in possession, or if applicable, trustees, shall not commingle assets or liabilities unless and until the Court determines, after notice and hearing, that grounds exist to order substantive consolidation of the Bankruptcy Cases.

      11.     If creditors are added to the matrices of the administratively consolidated Debtors, counsel for the Debtors shall serve this Order on all added creditors and file proof of such service in the Lead Case.

###

Attorney R. Scott Shuker is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.