**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| **BRAVO BRIO RESTAURANTS, LLC,** | **Case No. 6:25-bk-05224-LVV** |
| | *Lead case* |
| | *Jointly Administered with:* |
| **BRAVO (LOUISVILLE), LLC,** | **Case No. 6:25-bk-05225-LVV** |
| **BRIO (CHERRY HILL), LLC,** | **Case No. 6:25-bk-05226-LVV** |
| **BRIO (IRVINE), LLC,** | **Case No. 6:25-bk-05227-LVV** |
| **BRIO (TEXAS), LLC,** | **Case No. 6:25-bk-05228-LVV** |
| Debtors.                    / | |

**BRAVO BRIO RESTAURANTS, LLC'S EMERGENCY**
**OMNIBUS MOTION TO REJECT UNEXPIRED LEASES FOR**
**NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE PETITION DATE**

> **THE DEBTOR RESPECTFULLY REQUESTS THAT AN EMERGENCY HEARING**
> **ON THE RELIEF REQUESTED IN THIS MOTION BE HELD ON OR BEFORE AUGUST 21, 2025.**

Pursuant to sections 365(a) and 554 of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Rule 9013-1,[1] **BRAVO BRIO RESTAURANTS, LLC,** ("Debtor"), by and through undersigned counsel, files this emergency omnibus motion (this "Motion") seeking entry of an order authorizing the Debtor to (i) reject six (6) unexpired leases for nonresidential real property effective as of the Petition Date, and (ii) abandon any Personal Property (defined below) remaining at the leased premises. The landlord counterparties affected by this Motion are: (1) **BELDEN MALL, LLC**; (2) **LEGACY VILLAGE INVESTORS, LLC**; (3) **GREENE TOWN CENTER, LLC**; (4) **MACERICH CRABTREE LP**; (5) **CHRISTIANA MALL, LLC**; and (6) **FAIRFAX COMPANY OF VIRGINIA, LLC**. In support of this Motion, the Debtor states:

---

[1] "Bankruptcy Code" refers to 11 U.S.C. §§ 101–1532 (2025); "Bankruptcy Rules" refers to Fed. R. Bankr. P. (2025); "Local Rules" refers to Bankr. M.D. Fla. R. (2025).

## I.    **JURISDICTION**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested in this Motion are sections 365(a) and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, and Local Rule 9013-1.

## II.    **BACKGROUND**

### A.    **Pertinent Procedural and General Background**

3.    On August 18, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, thereby initiating its above-styled Chapter 11 bankruptcy case.

4.    No trustee has been appointed, and the Debtor continues to manage and operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.    The Debtor is a Florida limited liability company with its corporate headquarters in Orlando, FL.

6.    For a detailed description of the Debtor and its operations, the Court and parties in interest are respectfully referred to the *Joint Chapter Case Management Summary* being filed contemporaneously herewith.

C.    **The Rejected Leases**

7.    The Debtor owns and operates restaurants nationwide under the names of *Bravo!*

and *Brio*. To mitigate losses, in advance of filing this Chapter 11, the Debtor proactively identified

and closed six (6) underperforming restaurant locations. The Debtor now seeks to reject the leases

for those closed locations (together, the "Rejected Leases"), the details of which are as follows:

| # | Landlord | Restaurant / Premises Address | Rejected Lease | Status |
|---|---|---|---|---|
| 1 | BELDEN MALL, LLC | Bravo! Belden Village<br><br>4224 Everhard Rd. NW Canton, OH, 44718 | Lease dated May 18, 2005, as amended and assigned. The Lease is set to expire on January 31, 2028. | Closed prepetition; Premises vacated on Petition Date |
| 2 | LEGACY VILLAGE INVESTORS, LLC | Brio Legacy<br><br>24325 Cedar Road Lyndhurst, OH, 44124 | Lease Agreement dated October 28, 2020, as amended and assigned. The Lease is set to expire on December 31, 2028. | Closed prepetition; Premises vacated on Petition Date |
| 3 | GREENE TOWN CENTER, LLC | Brio The Greene<br><br>4459 Cedar Park Dr Dayton, OH, 45440 | Lease dated September 2, 2005, as amended and assigned. The Lease is set to expire on January 31, 2026. | Closed prepetition; Premises vacated on Petition Date |
| 4 | MACERICH CRABTREE LP | Brio Crabtree<br><br>4325 Glenwood Ave STE 5000 Raleigh, NC, 27612 | Lease Agreement dated October 31, 2007, as amended and assigned. The Lease is set to expire on October 31, 2027. | Closed prepetition; Premises vacated on Petition Date |
| 5 | CHRISTIANA MALL, LLC | Brio Christiana<br><br>305 Christiana Mall Rd Newark, DE, 19702 | Ground Lease dated December 9, 2009, as amended and assigned. The Lease is set to expire on February 28, 2027. | Closed prepetition; Premises to be vacated on Petition Date |
| 6 | FAIRFAX COMPANY OF VIRGINIA, LLC | Brio Fair Oaks<br><br>11776 Fair Oaks Mall Fairfax, VA 22033 | Lease Agreement dated as of June 29, 2012, as amended and assigned. The Lease is currently set to expire on January 31, 2026. | Closed and vacated Premises prepetition. |

8.    Due to the voluminosity, the Rejected Leases lease documents have not been

attached to this Motion, but copies may be requested through Debtor's undersigned counsel.

### III.   <u>RELIEF REQUESTED</u>

9.      By this Motion, the Debtor seeks entry of an order, pursuant to sections 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, (a) authorizing and approving the Debtor's rejection of the Rejected Leases effective as of the Petition Date, and (b) confirming that any furniture, fixtures and equipment or other assets (the "<u>Personal Property</u>") remaining at the leased premises is deemed abandoned pursuant to section 554 of the Bankruptcy Code.

10.     Based on the prepetition cessation of operations and vacation of the leased premises for all six (6) of the above-listed restaurant locations, the Rejected Leases serve no purpose to the Debtor's reorganizational efforts and will only impose incredible burdens on the Debtor and its estate if they are not rejected. The Rejected Leases require the payment of base monthly rent, applicable sales taxes, and prorated common area and real estate tax expenses. Without immediate rejection, the Rejected Leases will result in the continuation of the Debtor's rental obligations and the potential accrual of administration rent for restaurant locations which have already been closed. As a result, the Rejected Leases have no value or benefit to the Debtor or its estate.

11.     To that end, the Debtor has determined, in its business judgment, to reject the Rejected Leases effective as of the Petition Date. Rejection will avoid the incurrence of continued rental obligations related to the Rejected Leases and their respective leased premises.

12.     Additionally, the Debtor seeks to abandon any Personal Property at the remaining Premises; however, this relief in no way seeks to extinguish, determine, or fix any purported third-party rights or interests in such property. Nor is the relief requested seeking to affect any party's rights to challenge or object to said interests.

## V.    BASIS FOR RELIEF

13.    Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession may assume or reject any executory contract or unexpired lease of the debtor, subject to Court approval. The right of a debtor-in-possession to reject unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to eliminate financial burdens on the bankruptcy estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998).

14.    The United States Court of Appeal for the Eleventh Circuit has noted that the decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by the court, subject only to a review under the "business judgment" rule. *See Byrd v. Gardinier, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976, n. 2 (11th Cir. 1987). The "business judgment" standard is not difficult to meet. "Generally, a bankruptcy court should bestow 'perfunctory approval' upon a debtor's decision to assume or reject an executory contract and 'should only withhold [its] approval when 'the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code.' " *In re Summit II, LLC*, 651 B.R. 829 (Bankr. M.D. Fla. 2023) (Colton, R.) (*citing In re Weaver Oil Co., Inc.,* No. 08-40379-LMK, 2008 WL 8202063, at *2 (Bankr. N.D. Fla. Nov. 17, 2008); *In re J. C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022) (without citations)).

15.    "The Bankruptcy Court will generally approve the rejection of an executory contract unless it finds that the Debtors–in–Possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice." *In re Weaver Oil Co.*, 2008 WL 8202063, at *2.

16.    The Debtor's rejection of the Rejected Leases satisfies the requirements of section 365(a) of the Bankruptcy Code and the business judgment rule. Here, prior to the Petition Date,

the Debtor closed its six (6) restaurants located at the Rejected Leases' respective leased premises and intends to surrender possession to the Landlords on the Petition Date. Thus, the Debtor has concluded that the Rejected Leases are not necessary for an effective reorganization or sale and has determined that continued performance under the Rejected Leases would constitute an unnecessary drain upon the financial resources of the Debtor without any corresponding benefit to its bankruptcy estate.

## VI. RESERVATION OF RIGHTS

17.    The Debtor reserves its rights to object to any rejection damage claims or other claims filed by the landlords or any other party in interest. Nothing contained herein should be construed as a waiver of the Debtor's rights, defenses, or counterclaims with respect to any of the Rejected Lease. Nor does anything contained herein constitute an acknowledgment that a particular Rejected Lease constitutes an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code and has not otherwise expired by its own terms or upon agreement of the parties as of the date hereof. Further, nothing contained herein is intended or shall be construed as: (i) an admission as to the validity, amount or priority of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Debtor that exists against any entity; (v) a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Debtor's rights under the Bankruptcy Code, any other applicable law or any agreement; or (vii) an admission or concession by the Debtor that any lien is valid, and the Debtor expressly reserve and preserve their rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

**WHEREFORE**, the Debtor respectfully requests the Court enter an order: (i) authorizing the rejection of the Rejected Leases effective as of the Petition Date; (ii) determining that any Personal Property not removed from the Rejected Leases' respective leased premises to be deemed abandoned; and (iii) granting such additional and further relief as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this 19th day of August 2025.

/s/ R. Scott Shuker
R. Scott Shuker
Florida Bar No.: 984469
rshuker@shukerdorris.com
Lauren L. Stricker
Florida Bar No.: 91526
lstricker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Ave., Suite 1120
Orlando, Florida 32801
Tel: (407) 337-2060
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2025, a true and correct copy of the foregoing *BRAVO BRIO RESTAURANTS, LLC'S EMERGENCY OMNIBUS MOTION TO REJECT UNEXPIRED LEASES FOR NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE PETITION DATE* has been uploaded for filing with the Clerk of Court in the above-referenced bankruptcy case via the Court's CM/ECF system, which will furnish an electronic Notice of Filing to all parties in interest receiving CM/ECF electronic noticing, including the following, who are registered to receive electronic notices in this case: UNITED STATES TRUSTEE – ORL (USTP.Region21.OR.ECF@usdoj.gov).

I FURTHER CERTIFY that on August 19, 2025, I caused a true and correct copy of the foregoing to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon and/or via FedEx Overnight (as noted) upon:

| | |
|---|---|
| THE PARTIES LISTED ON THE ATTACHED MAILING MATRIX. | DEBTOR<br>ATTN: MR. THOMAS AVALLONE, MGR<br>4700 MILLENIA BLVD, STE 400<br>ORLANDO, FL 32839 |

| | |
|---|---|
| GPEE LENDER, LLC<br>C/O NEUKAMM, MICHAEL, REGISTERED AGENT<br>301 E. PINE STREET, STE 1400<br>ORLANDO, FL 32802 | BELDEN VILLAGE MANAGEMENT PR, LLC<br>C/O BELDEN VILLAGE MALL<br>4230 BELDEN VILLAGE MALL CIR NW<br>CANTON, OH 44718<br>ATTN: GENERAL MANAGER<br>MWALSHL@BELDENVILLAGEMALL.COM.<br>***(VIA USPS, OVERNIGHT FEDEX, & EMAIL)*** |
| BELDEN MALL, LLC<br>C/O CT CORPORATION SYSTEM, REGISTERED AGENT<br>4400 EASTON COMMONS WAY, SUITE 125<br>COLUMBUS OH 43219 | BELDEN VILLAGE MANAGEMENT PR, LLC<br>C/O PACIFIC RETAIL CAPITAL PARTNERS<br>ATTENTION: MICHAEL MORGAN<br>100 N PACIFIC COAST HIGHWAY, STE 1925<br>EL SEGUNDO, CA 90245<br>***(VIA USPS AND OVERNIGHT FEDEX)*** |
| LEGACY VILLAGE INVESTORS, LLC<br>C/O MITCHELL C. ECHNELDER, REGISTERED AGENT<br>25333 CEDAR ROAD, SUITE 300<br>LYNDHURST OH 44124<br>***(VIA USPS AND OVERNIGHT FEDEX)*** | GREENE TOWN CENTER, LLC<br>ATTN: PROPERTY MANAGER<br>600 MADISON AVENUE, 14TH FLOOR<br>NEW YORK, NEW YORK 10022 |
| GREENE TOWN CENTER, LLC<br>C/O OLSHAN PROPERTIES<br>ATTN: HEAD OF RETAIL<br>5500 NEW ALBANY RD., STE 200<br>NEW ALBANY, OHIO 43054 | GREENE TOWN CENTER, LLC<br>C/O OLSHAN PROPERTIES<br>ATTN: LEGAL SERVICES<br>5500 NEW ALBANY RD., STE 200<br>NEW ALBANY, OHIO 43054<br>***(VIA USPS AND OVERNIGHT FEDEX)*** |
| MACERICH CRABTREE LP<br>C/O CT CORPORATION SYSTEM, REGISTERED AGENT<br>160 MINE LAKE CT STE 200<br>RALEIGH, NC 27615<br>***(VIA USPS AND OVERNIGHT FEDEX)*** | MACERICH CRABTREE LP<br>ATTN: MANAGER/PARTNER<br>401 WILSHIRE BLVD., SUITE 700<br>SANTA MONICA, CA 90401<br>***(VIA USPS AND OVERNIGHT FEDEX)*** |
| CHRISTIANA MALL, LLC<br>ATTN: LAW/LEASE ADMINISTRATION<br>350 N. ORLEANS ST., SUITE 300<br>CHICAGO, IL 60654<br>***(VIA USPS AND OVERNIGHT FEDEX)*** | CHRISTIANA MALL, LLC<br>C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT<br>251 LITTLE FALLS DRIVE<br>WILMINGTON, DE 19808 |

| | |
|---|---|
| FAIRFAX COMPANY OF VIRGINIA, LLC<br>C/O OLSHAN PROPERTIES<br>ATTN: LEGAL DEPARTMENT / LEASE ADMINISTRATION<br>600 MADISON AVE., 14TH FLOOR<br>NEW YORK, NEW YORK 10022<br>TDROUGHT@OLSHANPROPERTIES.COM<br>JROMAINE@OLSHANPROPERTIES.COM<br>MFUSS@OLSHANPROPERTIES.COM<br>***(VIA USPS, OVERNIGHT FEDEX, AND EMAIL)*** | FAIRFAX COMPANY OF VIRGINIA, LLC<br>C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT<br>100 SHOCKOE SLIP FL 2<br>RICHMOND, VA 23219-4100 |
| CVM HOLDINGS, LLC<br>C/O PACIFIC CVM MANAGEMENT, LLC<br>100 N. PACIFIC COAST HIGHWAY, SUITE 1925<br>EL SEGUNDO, CA 90245<br>ATTN: MANAGING PRINCIPAL<br>***(VIA USPS AND OVERNIGHT FEDEX)*** | CVM HOLDINGS, LLC<br>C/O CRABTREE VALLEY MALL<br>4325 GLENWOOD AVENUE<br>RALEIGH, NORTH CAROLINA 27612<br>***(VIA USPS AND OVERNIGHT FEDEX)*** |

*/s/ R. Scott Shuker*
R. Scott Shuker

Bravo Brio Restaurants, LLC
Case No.: 6:25-bk-
20 Largest Unsecured Creditors

ARMADA HOFFLER BLOCK &
ASSOC
DIVARIS PROP MGMT
4525 MAIN ST., STE 900
VIRGINIA BEACH, VA 23462

C.H. ROBINSON COMPANY, INC.
14701 CHARLSTON RD
SUITE 1400
EDEN PRAIRIE, MN 55347

Camden County Tax Collector
509 Lakeland Road
Blackwood, NJ 08012

CGP-CPP PLAZA FRONTENAC LLC
P.O. BOX 86
MINNEAPOLIS, MN 55486-3110

CHRISTIANA MALL LLC
SDS-12-3026
P.O. BOX 86
MINNEAPOLIS, MN 55486-3026

Collin County Tax Collector
P.O. Box 8006
McKinney, TX 75070

DATADELIVERS, LLC
100 W HILLCREST BLVD
SUITE 406
SCHAUMBURG, IL 60195

EASTON TOWN CENTER II LLC
L-3769
COLUMBUS, OH 43260-3769

EDWARD DON & CO. HOLDINGS,
LLC
2562 PAYSPHERE CIRCLE
Chicago, IL 60674

FASHION PLACE ANCHOR
ACQUISITION LLC
P.O. BOX 86
MINNEAPOLIS, MN 55486-2780

GPEE LENDER, LLC
4700 Millenia Blvd.
Suite 400
Orlando, FL 32839

GREENE TOWN CENTER LLC
ATTN: OLSHAN PROPERTIES
600 MADISON AVE., 14TH FLOOR
New York, NY 10022

Harris County Tax Collector
1001 Preston St.
Houston, TX 77002

Internal Revenue Service
Centralized Insolvency Ops
P.O. Box 7346
Philadelphia, PA 19101-7346

Jefferson County Tax Collect
531 Court Place, 6th Floor
Louisville, KY 40202

LIBERTY CENTER LLC.
7600 GIBSON RD
L-3745
COLUMBUS, OH 43260-3745

Orange Co. Tax Collector
County Service Center
601 N. Ross Street
Santa Ana, CA 92701

Orange County Tax Collector
P.O. Box 545100
Orlando, FL 32854

PFP COLUMBUS II LLC
POLARIS FASHION PLACE
L-3581
COLUMBUS, OH 43260

RM MEMBER LLC.
P.O. BOX 72439
CLEVELAND, OH 44192

RREEF CONTINENTAL
MASTER TRUST
P.O. BOX 209266
AUSTIN, TX 78720-9266

SYSCO CORPORATION
24500 Northwest Freeway
Crypress, TX 77429

TAMPA WESTSHORE ASSOCIATES
DEPT 177001
P.O. BOX 67000
DETROIT, MI 48267-1770

Tarrant County Tax Collector
100 E. Weatherford
Fort Worth, TX 76196

TB MALL AT UTC LLC.
P.O. BOX 674647
DETROIT, MI 48267-4647

TGM CCV PROPERTY LLC
P.O. BOX 843386
DALLAS, TX 75282-3386

THE TAUBMAN REALTY GROUP
CITY CREEK CENTER ASSOC LLC
P.O.BOX 674566
DETROIT, MI 48267-4566

USA HVAC, INC
6448 PARKLAND DR
SARASOTA, FL 34243

WESTCOR SANTAN VILLAGE LLC
DEPT LA 25429
PASADENA, CA 91185-5429