**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| **BRAVO BRIO RESTAURANTS, LLC,** | Case No. 6:25-bk-05224-LVV |
| | *Lead case* |
| | *Jointly Administered with:* |
| **BRAVO (LOUISVILLE), LLC,** | Case No. 6:25-bk-05225-LVV |
| **BRIO (CHERRY HILL), LLC,** | Case No. 6:25-bk-05226-LVV |
| **BRIO (IRVINE), LLC,** | Case No. 6:25-bk-05227-LVV |
| **BRIO (TEXAS), LLC,** | Case No. 6:25-bk-05228-LVV |
| _____Debtors._____ / | |

**DEBTOR'S MOTION TO REJECT INKIND AGREEMENT**

**BRAVO BRIO RESTAURANTS, LLC** ("Debtor"), by and through undersigned counsel, files this motion (this "Motion") seeking entry of an order authorizing the Debtor to reject the inKind Agreement (defined below), between the Debtor, on one hand, and **INKIND CARDS INC., INKIND CREDIT FUND LP,** and **INKIND WAREHOUSE FACILITY, LLC** (collectively, "inKind"), on the other hand. In support of this Motion, the Debtor states:

**I.   JURISDICTION**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in this Motion are sections 105(a) and 365(a) and 554 of the Bankruptcy Code, Bankruptcy Rules 6004 and 6006.[1]

---

[1] "Bankruptcy Code" refers to 11 U.S.C. §§ 101–1532 (2025); and "Bankruptcy Rules" refers to Fed. R. Bankr. P. (2025).

## II. BACKGROUND

### A. General and Pertinent Procedural Background

3. The Debtor owns and operates restaurants nationwide under the names *Bravo! Italian Kitchen* ("Bravo!") and *Brio Italian Grille* ("Brio"). Bravo! and Brio are sister restaurant brands that for more than two decades have been fixtures in the polished-casual dining restaurant segment. Bravo! serves a diverse menu featuring a fresh take on classic Italian food, from made-to-order pasta and brick oven pizzas to crisp salads, and perfectly chargrilled steak, chicken and seafood. Brio serves an elevated menu featuring premium steaks, homemade pastas, fresh seafood and crispy flatbreads prepared in an authentic Italian wood-burning oven.

4. The Debtor's operations have been adversely affected by post-COVID inflation, rising interest rates, above-market lease obligations, and continued declines in consumer spending on casual dining. Despite efforts to stabilize performance, revenues have not kept pace with escalating costs.

5. For a detailed description of the Debtor and its operations, the Court and parties in interest are respectfully referred to the *Joint Chapter Case Management Summary* (Doc. No. 3).

6. On August 18, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, thereby initiating its above-styled Chapter 11 bankruptcy case.

7. No trustee has been appointed, and the Debtor continues to operate its businesses and manage its property as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

**B.     The inKind Agreement**

8.      Debtor, on one hand, and inKind Cards Inc., inKind Credit Fund LP, and inKind Warehouse Facility, LLC (collectively, "inKind") are parties to a Credit Purchase Agreement dated March 15, 2024, as amended by the 1st Amendment dated March 15, 2024 (together, the "inKind Agreement").[2] In sum, under the inKind Agreement, inKind advanced the Debtor the sum of $3,500,000 and the Debtor agreed to grant inKind's customers credits totaling $7,000,000 that could be used at Bravo! and Brio restaurants. inKind purportedly operates dining loyalty programs with its members nationwide (each, an "inKind Member"). On information and belief, the inKind Members purchase credits from inKind for use at numerous specified restaurants that have contracted with inKind. Once inKind Members have used all the credits at Debtor's restaurants, the inKind Agreement expires. As such, the restaurants operated by the Debtor accepted customers covered by the inKind Agreement.

9.      Under the inKind Agreement, the Debtor and inKind owe material obligations to each other. As an example, inKind is obligated to provide marketing services for the Debtor's restaurants and Debtor is obligated to allow the inKind Members to use their credits and to use inKind's mobile technology to process those credits.

10.     The inKind Agreement is an executory contract within the meaning of section 365 of the Bankruptcy Code. In the sound exercise of its business judgment, the Debtor has determined that rejection is appropriate because the costs of the agreement outweigh any potential benefits of assumption. Rejection will reduce postpetition administrative expenses and further the Debtor's

---

[2] The inKind Agreement is summarized herein for purposes of this Motion, and nothing herein alters or supersedes its terms. A copy is not attached but may be obtained upon request from undersigned counsel, subject to the confidentiality provisions therein.

reorganizational objectives, as the Debtor no longer requires the services provided under the inKind Agreement.

### III. RELIEF REQUESTED

11. After exercising its sound business judgment, the Debtor finds no longer serves the Debtor's reorganizational efforts and, if not rejected, will impose significant burdens on the estate. Accordingly, by this Motion, the Debtor seeks entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing and approving rejection of the inKind Agreement.

12. Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession may assume or reject any executory contract or unexpired lease, subject to Court approval. The right of a debtor-in-possession to reject unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to eliminate financial burdens on the bankruptcy estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998).

13. The United States Court of Appeal for the Eleventh Circuit has noted that the decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by the court, subject only to a review under the "business judgment" rule. *See Byrd v. Gardinier, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976, n. 2 (11th Cir. 1987). The "business judgment" standard is not difficult to meet. "Generally, a bankruptcy court should bestow 'perfunctory approval' upon a debtor's decision to assume or reject an executory contract and 'should only withhold [its] approval when 'the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code.' " *In re Summit II, LLC*, 651 B.R. 829 (Bankr. M.D. Fla. 2023) (Colton, R.) (*citing In re Weaver Oil Co., Inc.,* No. 08-40379-LMK, 2008 WL 8202063, at *2 (Bankr. N.D. Fla. Nov. 17, 2008); *In re J. C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022) (without citations)).

14. "The Bankruptcy Court will generally approve the rejection of an executory contract unless it finds that the Debtors–in–Possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice." *In re Weaver Oil Co.*, 2008 WL 8202063, at *2.

16. The Debtor's rejection of the inKind Agreement satisfies section 365(a) of the Bankruptcy Code and the business judgment standard. The Debtor has determined that the agreement is unnecessary to its reorganization and that continued performance would impose an undue drain on estate resources without providing any corresponding benefit.

17. Finally, to implement the foregoing successfully, the Debtor seeks a waiver of the 14-day stay of an order imposed by Bankruptcy Rule 6004(h).

## IV.   RESERVATION OF RIGHTS

15. The Debtor expressly reserves all rights with respect to any rejection damage claims or other claims filed by inKind or any other party in interest, and nothing herein or in any action taken pursuant to the relief requested shall be deemed or construed as (i) an admission of the validity, amount, basis, or priority of any claim; (ii) a waiver of the Debtor's or any party in interest's rights to dispute any claim or lien; (iii) a promise or obligation to pay any claim; (iv) a determination that any claim constitutes an administrative expense, priority claim, or other claim type referenced in this Motion or any related order; (v) a waiver or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code except as expressly provided; (vi) an admission as to the validity, perfection, enforceability, or extent of any lien or security interest, and all rights are reserved to contest, recharacterize, or seek avoidance of any such lien; (vii) a waiver of any claim, defense, or cause of action of the Debtor; or (viii) a limitation of the Debtor's rights under the Bankruptcy Code, applicable law, or any agreement.

**WHEREFORE**, the Debtor respectfully requests the Court enter an order (1) granting this Motion and authorizing the Debtor's rejection of the inKind Agreement, (2) waiving the 14-day stay under Bankruptcy Rule 6004(h), and (3) granting such additional and further relief as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this 5th day of September 2025.

> */s/ R. Scott Shuker*
> R. Scott Shuker
> Florida Bar No.: 984469
> rshuker@shukerdorris.com
> **SHUKER & DORRIS, P.A.**
> 121 S. Orange Ave., Suite 1120
> Orlando, Florida 32801
> Tel: (407) 337-2060
> *Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 5, 2025, a true and correct copy of the foregoing *DEBTOR'S MOTION TO REJECT INKIND AGREEMENT* has been uploaded for filing with the Clerk of Court in the above-referenced bankruptcy case via the Court's CM/ECF system, which will furnish an electronic Notice of Filing to all parties in interest receiving CM/ECF electronic noticing, including the following, who are registered to receive electronic notices in this case: UNITED STATES TRUSTEE – ORL (USTP.Region21.OR.ECF@usdoj.gov); U.S. TRUSTEE c/o Jill E. Kelso, Esq. (jill.kelso@usdoj.gov).

    I FURTHER CERTIFY that on September 5, 2025, at my direction and under my supervision, employees of the undersigned's law firm caused a true and correct copy of the foregoing document to be served electronically via email to the following: inKind at notices@inKind.com.

    I FURTHER CERTIFY that on September 5, 2025, I caused a true and correct copy of the foregoing to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon and/or via FedEx (as noted below) upon:

| | |
|---|---|
| THE PARTIES LISTED ON THE ATTACHED LOCAL RULE 1007-2 MAILING LIST. | DEBTOR<br>ATTN: MR. THOMAS AVALLONE, MGR<br>4700 MILLENIA BLVD, STE 400<br>ORLANDO, FL 32839 |
| INKIND CARDS, INC.<br>INKIND CREDIT FUND LP<br>INKIND WAREHOUSE FACILITY, LLC<br>600 CONGRESS AVE., SUITE 1700<br>AUSTIN, TX 78701<br>ATTENTION: MERCHANT SUPPORT<br>*(VIA FEDEX)* | INKIND CARDS, INC.<br>C/O ANDREW HARRIS, REGISTERED AGENT<br>610 W LIVE OAK ST<br>AUSTIN, TX 78704-78704<br>*(VIA FEDEX)* |
| INKIND CARDS, INC.<br>C/O VCORP SERVICES, LLC, REGISTERED AGENT<br>108 W. 13TH STREET SUITE 100<br>WILMINGTON, DE 19801<br>*(VIA FEDEX)* | INKIND CREDIT FUND LP<br>C/O ANDREW HARRIS, REGISTERED AGENT<br>610 W LIVE OAK ST<br>AUSTIN, TX 78704-78704<br>*(VIA FEDEX)* |
| INKIND CREDIT FUND LP<br>C/O COGENCY GLOBAL INC., REGISTERED AGENT<br>850 NEW BURTON ROAD SUITE 201<br>DOVER, DE 19904<br>*(VIA FEDEX)* | INKIND WAREHOUSE FACILITY, LLC<br>C/O DONALD J. PUGLISI, REGISTERED AGENT<br>PUGLISI & ASSOCIATES<br>850 LIBRARY AVE STE 204<br>NEWARK, DE 19711<br>*(VIA FEDEX)* |

                                                             */s/ R. Scott Shuker*
                                                             R. Scott Shuker

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:25-bk-05224-LVV<br>Middle District of Florida<br>Orlando<br>Fri Sep  5 15:08:13 EDT 2025 | Bravo Brio Restaurants, LLC<br>4700 Millenia Blvd.<br>Suite 400<br>Orlando, FL 32839-6020 | Joseph A. Caneco<br>Fishman Haygood, L.L.P.<br>201 St. Charles Avenue, Suite 4600<br>New Orleans, LA 70170-4701 |
| Cherie Dessauer Nobles<br>201 St. Charles Ave<br>Suite 4600<br>New Orleans, LA 70170-4701 | Tristan Manthey<br>Fishman Haygood, L.L.P.<br>201 St. Charles Avenue, Suite 4600<br>New Orleans, LA 70170-4701 | Jennifer D Raviele<br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007-2438 |
| ARMADA HOFFLER BLOCK & ASSOC<br>DIVARIS PROP MGMT<br>4525 MAIN ST., STE 900<br>VIRGINIA BEACH, VA 23462-3431 | (p)C H  ROBINSON WORLDWIDE  INC<br>ATTN BANKRUPTCY TEAM BILL GLAD<br>14701 CHARLSON ROAD<br>SUITE 2400<br>EDEN PRAIRIE MN 55347-5076 | C.H. Robinson Company, Inc.<br>c/o Mark A. Amendola, Esq.<br>Martyn and Associates Co.<br>820 W. Superior Ave., 10th Floor<br>Cleveland, OH 44113-1827 |
| CGP-CPP PLAZA FRONTENAC LLC<br>P.O. BOX 86<br>MINNEAPOLIS, MN 55486-3110 | CHRISTIANA MALL LLC<br>SDS-12-3026<br>P.O. BOX 86<br>MINNEAPOLIS, MN 55486-3026 | Christiana Mall, LLC<br>c/o Ivan M. Gold<br>Allen Matkins Leck Gamble Mallory & Nati<br>Three Embarcadero Center, 12 Floor<br>San Francisco, CA 94111-4003 |
| Christiana Mall, LLC<br>c/o Joaquin J. Alemany, Esq.<br>701 Brickell Avenue, Ste. 3300<br>Miami, Florida 33131-2847 | DATADELIVERS, LLC<br>100 W HILLCREST BLVD<br>SUITE 406<br>SCHAUMBURG, IL 60195-3108 | EASTON TOWN CENTER II  LLC<br>L-3769<br>COLUMBUS, OH 43260-3769 |
| EDWARD DON & CO. HOLDINGS, LLC<br>2562 PAYSPHERE CIRCLE<br>Chicago, IL 60674-0001 | Edward M. Fitzgerald, Esq.<br>Holland & Knight LLP<br>200 S. Orange Avenue, Suite 2600<br>Orlando, Florida 32801-3453 | FASHION PLACE ANCHOR<br>ACQUISITION LLC<br>P.O. BOX 86<br>MINNEAPOLIS, MN 55486-2780 |
| Fashion Place Anchor Acquisition, LLC<br>c/o Ivan M. Gold<br>Allen Matkins Leck Gamble Mallory & Nati<br>Three Embarcadero Center, 12 Floor<br>San Francisco, CA 94111-4003 | Fashion Place Anchor Acquisition, LLC<br>c/o Joaquin J. Alemany, Esq.<br>701 Brickell Avenue, Ste. 3300<br>Miami, Florida 33131-2847 | GPEE LENDER, LLC<br>4700 Millenia Blvd.<br>Suite 400<br>Orlando, FL 32839-6020 |
| GPEE Lender, LLC<br>c/o Kenneth D. Herron. Jr.<br>Herron Hill Law Group, PLLC<br>PO Box 2127<br>Orlando, FL 32802-2127 | GREENE TOWN CENTER LLC<br>ATTN: OLSHAN PROPERTIES<br>600 MADISON AVE., 14TH FLOOR<br>New York, NY 10022-1657 | John K Turner<br>C/O LINEBARGER GOGGAN BLAIR & SAMPSON, L<br>3500 Maple Avenue<br>Suite 800<br>DALLAS, TX 75219-3959 |
| Kite Realty Group<br>c/o Kelley Drye & Warren LLP, Attn: Robe<br>3 World Trade Center, 175 Greenwich Stre<br>New York, New York 10007-0042 | LIBERTY CENTER LLC.<br>7600 GIBSON RD<br>L-3745<br>COLUMBUS, OH 43260-3745 | Lennox Town Center Limited<br>c/o Ryan E. Davis, Esq.<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, Florida 32789-7421 |
| PFP COLUMBUS II LLC<br>POLARIS FASHION PLACE<br>L-3581<br>COLUMBUS, OH 43260-0001 | Plaza Frontenac Acquisition, LLC<br>c/o Ivan M. Gold<br>Allen Matkins Leck Gamble Mallory & Nati<br>Three Embarcadero Center, 12 Floor<br>San Francisco, CA 94111-4003 | Plaza Frontenac Acquisition, LLC<br>c/o Joaquin J. Alemany, Esq.<br>701 Brickell Avenue, Ste. 3300<br>Miami, Florida 33131-2847 |

RM MEMBER LLC.
P.O. BOX 72439
CLEVELAND, OH 44192-0002

RPT REALTY, L.P.
c/o Ruel W. Smith, Esq.
Hinshaw & Culbertson LLP
100 Ashley Drive South, Suite 1310
Tampa, FL 33602-5322

RREEF CONTINENTAL
MASTER TRUST
P.O. BOX 209266
AUSTIN, TX 78720-9266

Rancho Mall, LLC
c/o Ivan M. Gold
Allen Matkins Leck Gamble Mallory & Nati
Three Embarcadero Center, 12 Floor
San Francisco, CA 94111-4003

Rancho Mall, LLC
c/o Joaquin J. Alemany, Esq.
701 Brickell Avenue, Ste. 3300
Miami, Florida 33131-2847

SYSCO CORPORATION
24500 Northwest Freeway
Crypress, TX 77429-2199

TAMPA WESTSHORE ASSOCIATES
DEPT 177001
P.O. BOX 67000
DETROIT, MI 48267-1770

TB MALL AT UTC LLC.
P.O. BOX 674647
DETROIT, MI 48267-4647

TGM CCV PROPERTY LLC
P.O. BOX 843386
DALLAS, TX 75284-3386

TGM CCV Property, LLC
c/o Wilson Friery PLLC
708 Main Street, 10th Floor
Houston, Texas 77002-3246

THE TAUBMAN REALTY GROUP
CITY CREEK CENTER ASSOC LLC
P.O.BOX 674566
DETROIT, MI 48267-4566

Tanger Huntsville, LLC
Trenam, Kemker, Scharf, Barkin,
Frye, ONeill & Mullis, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602-5150

(p)USA HVAC PRO INC
ATTN ATTN JAMES E GOFF
6448 PARKLAND DR
SARASOTA FL 34243-4038

VORH Associates, LLC
c/o Clark Hill PLC
Audrey L. Hornisher
901 Main Street, Suite 1600
Dallas, TX 75202-3707

WESTCOR SANTAN VILLAGE LLC
DEPT LA 25429
PASADENA, CA 91185-5429

Ryan E Davis +
Winderweedle Haines Ward & Woodman P.A.
329 Park Avenue North, Second Floor
Winter Park, FL 32789-7421

R Scott Shuker +
Shuker & Dorris, P.A.
121 South Orange Avenue, Suite 1120
Orlando, FL 32801-3238

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Kenneth D Herron Jr+
Herron Hill Law Group, PLLC
P. O. Box 2127
Orlando, FL 32802-2127

Jill E Kelso +
DOJ-Ust
400 W. Washington Street
Ste 1100
Orlando, FL 32801-2210

Robert L LeHane +
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007-2438

Edward M Fitzgerald +
Holland & Knight LLP
200 South Orange Ave
Suite 2600
Orlando, FL 32801-3453

Mark A Amendola +
Martyn and Associates
820 Superior Avenue, Northwest
Tenth Floor
Cleveland, OH 44113-1827

Stephanie C Lieb +
Trenam Law
101 East Kennedy Boulevard, Suite 2700
Tampa, FL 33602-5150

Ruel W. Smith +
Hinshaw & Culbertson LLP
100 South Ashley Drive
Suite 1310
Tampa, FL 33602-5322

Lauren L Stricker +
Shuker & Dorris, P.A.
121 S. Orange Ave
Suite 1120
Orlando, FL 32801-3238

Joaquin J Alemany +
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131-2898

Daniel R Schimizzi +
Raines Feldman Littrell LLP
11 Stanwix Street, Suite 700
Pittsburgh, PA 15222-1312

Thomas J Francella Jr.+
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801-1166

John Kendrick Turner +
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue
Suite 800
Dallas, TX 75219-3959

| | | |
|---|---|---|
| Audrey Lorene Hornisher + <br> Clark Hill PLC <br> 901 Main Street <br> Suite 6000 <br> Dallas, TX 75202-3748 | Connie Choe + <br> Kelley Drye and Warren LLP <br> 3 World Trade Center <br> 175 Greenwich Street <br> New York, NY 10007-2438 | Broocks Wilson + <br> Wilson Friery PLLC <br> 708 Main Street <br> Ste 10th Floor <br> Houston, TX 77002-3246 |

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| C.H. ROBINSON COMPANY, INC. <br> 14701 CHARLSTON RD <br> SUITE 1400 <br> EDEN PRAIRIE, MN 55347 | USA HVAC, INC <br> 6448 PARKLAND DR <br> SARASOTA, FL 34243 | End of Label Matrix <br> Mailable recipients   63 <br> Bypassed recipients    0 <br> Total                 63 |