ORDERED.

**Dated: April 14, 2026**

Lori V. Vaughan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BRAVO BRIO RESTAURANTS, LLC,**[1] | **Case No. 6:25-bk-05224-LVV**<br>***Lead case*** |
| | **Jointly Administered with** |
| **BRAVO (LOUISVILLE), LLC,** | **Case No. 6:25-bk-05225-LVV** |
| **BRIO (CHERRY HILL), LLC,** | **Case No. 6:25-bk-05226-LVV** |
| **BRIO (IRVINE), LLC,** | **Case No. 6:25-bk-05227-LVV** |
| **BRIO (TEXAS), LLC,** | **Case No. 6:25-bk-05228-LVV** |

**Debtors.**
_____________________________________/

**AMENDED[2] ORDER CONFIRMING DEBTORS'**
**SECOND MODIFIED PLAN OF REORGANIZATION**

[1] Bravo Brio Restaurants, LLC; Bravo (Louisville), LLC; Brio (Cherry Hill), LLC; Brio (Irvine), LLC; and Brio (Texas), LLC (collectively, "Debtors").

[2] The *Order Confirming Debtors' Second Modified Plan of Reorganization* (Doc. No. 529) is being amended for the limited purpose of including the language set forth in Paragraph 16 herein related to Debtors' insurer, Zurich American Insurance Company and any of its U.S. based affiliates (collectively "Zurich"), that was omitted due to a scrivener's error.

**THIS CASE** came on for hearing on March 26, 2026 at 9:30 a.m. (the "Hearing") to consider the Disclosure Statement (Doc. No. 251); the Plan of Reorganization (the "Plan") (Doc. No. 252), as modified by the First Modified Plan of Reorganization (Doc. No. 333) and the Second Modified Plan of Reorganization (Doc. No. 400) (the Plan together with Doc. No. 251, the "Final Plan"); the Confirmation Affidavit (Doc. No. 354); and the Ballot Tabulation (Doc. No. 355) submitted by the Debtors. As discussed in the Court's Memorandum Opinion,[3] the Final Plan was timely transmitted to all creditors and interested holders.

Creditors inKind Cards, Inc., inKind Warehouse Facility LLC, and inKind Credit Fund LP (collectively, "inKind") voted to reject the Final Plan (Doc. No. 355) and filed objections to the Final Plan (collectively, the "Objection") (Doc. Nos. 358 and 359). No other creditors filed objections to the Plan and all other votes cast were in favor of the Plan. As more fully discussed in the Memorandum Opinion, inKind's objections to the Plan were considered by the Court and are overruled.

Additionally, the Court considered the Final Plan, the Ballot Tabulation, the Confirmation Affidavit, the Modifications, the testimony of Mr. Sirolly as corporate representative of Debtors, and exhibits admitted in support of confirmation, and as fully discussed in the Memorandum Opinion, the Court determined that the requirements of 11 U.S.C. Section 1125 and 11 U.S.C. Section 1129 have been satisfied.

The Court finds that all documents contained in the Final Plan, together with the filing, notice, and service of such documents were done in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, and no other or further

[3] *Memorandum Opinion on Approval of Debtors' Disclosure Statement, Confirmation of Debtors' Joint Plan of Reorganization and Estimation of Claims* (the "Memorandum Opinion") (Doc. No. 526).

notice is or shall be required. Accordingly, it is

**ORDERED**:

1. The Disclosure Statement is **APPROVED**.

2. The Final Plan is **CONFIRMED**.

3. inKind's Objection is **OVERRULED**.

4. inKind holds an Allowed Class 9 General Unsecured Claim in the amount of $0.

5. Debtors are authorized and directed to execute all agreements and documents contemplated by the Plan and take all needed actions to consummate the Final Plan.

6. Upon the Effective Date, all actions contemplated by the Final Plan shall be deemed authorized and approved in all respects (whether to occur before, on or after the Effective Date); all matters provided for in the Plan involving the corporate structure of the Debtors, and any corporate action required by the Debtors in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by the directors or officers of the Debtors; and all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after, the Effective Date pursuant to this Order, without further application to, or order of, the Bankruptcy Court, or further action by the respective officers or directors of the Debtors and with the effect that such actions has been taken by unanimous action of such officers and directors.

7. The Debtors, and their officers, directors, members, managers, managing members, and Professionals[4] shall neither have nor incur any liability whatsoever to any Person or Entity for any act taken or omitted to be taken in good faith in connection with or related to the formulation, preparation, dissemination, or confirmation of the Plan, the Disclosure Statement, any Plan

---

[4] As defined in paragraph 71 of Article II in the Second Modified Plan of Reorganization (Doc. No. 400).

Document, or any contract, instrument, release, or other agreement or document created or entered into, or any other act taken or omitted to be taken, in connection with the plan or the Bankruptcy Case; *provided, however*, that exculpation from liability provision shall not be applicable to any liability found by a court of competent jurisdiction to have resulted from fraud or the willful misconduct or gross negligence of any such party. With respect to the Professionals, the foregoing exculpation from liability provision shall also include claims of professional negligence arising from the services provided by such Professionals during the Bankruptcy Case. The rights granted are cumulative with (and not restrictive of) any and all rights, remedies, and benefits that the Debtors, the Reorganized Debtors, and their respective agents have or obtain pursuant to any provision of the Bankruptcy Code or other applicable law, or any agreement. This exculpation from liability provision is an integral part of the Plan and is essential to its implementation. The terms of this exculpation shall only apply to liability arising from actions taken on or prior to the Effective Date.

8. Debtors shall file all objections to claims within one hundred fifty (150) days of the Effective Date of the Plan.

9. Pursuant to the Final Plan and in accordance with § 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of securities pursuant to the Plan, or the transfer of, or creation of any lien on, any property of the Debtors pursuant to the Final Plan or pursuant to an Order of the Court, shall not be taxed under any law imposing a stamp tax, transfer tax, recordation tax, or similar tax.

10. As of the Effective Date and pursuant to section 1141 of the Bankruptcy Code, Debtors shall be discharged from any debt that arose before the Confirmation Date, and any debt of a kind specified in sections 502(g), 502(h) and 502(i) of the Bankruptcy Code.

11. Debtors shall pay all fees owing to the Office of the United States Trustee as they become due and timely file with the Court the appropriate financial reports indicating the cash disbursements for the relevant periods. Debtors shall continue to pay quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing the Debtors' cases or enters an order either converting or dismissing the case.

12. Debtors shall file with the Bankruptcy Court post-confirmation financial reports for each quarter (or portion thereof) that their respective Chapter 11 cases remain open, in the format prescribed by the United States Trustee, until the case is converted or dismissed.

13. The Reorganized Debtors will file a status report with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Final Plan within ninety (90) days of the entry of this Confirmation Order.

14. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Order of Confirmation, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtors, including any questions relating to any sums of money, services, or property due to the Debtors; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

15. Any claim arising from the rejection of an executory contract or unexpired lease of the Debtors shall be filed with the Court no later than thirty (30) days after the Effective Date or entry of an order rejecting such agreement, whichever is later. Absent the timely filing of such claims, such claims shall be forever barred and disallowed without further order of this Court.

16. Notwithstanding anything to the contrary in the Plan, the Disclosure Statement, this Confirmation Order, any bar date notice or claim objection, any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, or grants a discharge): (a) nothing shall alter, amend or otherwise impact any insurance policies that have been issued at any time directly to or which provide coverage to the Debtors, and all agreements, documents or instruments relating thereto, and all of such shall continue in full force and in accordance with their respective terms and conditions, unaltered and as though the bankruptcy case did not occur; and (b) Zurich shall not be required to file or serve an objection to any proposed cure amount or a request, application, claim, Proof of Claim, or motion for payment or allowance of any Administrative Claim, and Zurich shall not be subject to any claims bar date or similar deadline governing Proofs of Claim, Administrative Claims, or cure Claims; and (c) the automatic stay of Bankruptcy Code section 362(a) and any injunction set forth in the Plan (or any corresponding paragraph of this Confirmation Order), if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely to permit: (I) claimants with valid workers' compensation claims or direct action claims against Zurich under applicable non-bankruptcy law to proceed with their claims; (II) Zurich to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) all workers' compensation or direct action claims covered by the Zurich Insurance Program, (B) all claims where an order has been entered by the Bankruptcy Court granting a claimant relief from the automatic stay or the injunctions set forth in Article VIII of the Plan to proceed with its claim, and (C) all costs in relation to each of the foregoing; and (III) subject to the terms of the Zurich Insurance Program and/or applicable non-bankruptcy law, Zurich to (i) cancel any policies under the Zurich Insurance

Program, and (ii) take other actions relating to the Zurich Insurance Program (including effectuating a setoff or recoupment).

17. A status conference in this case is scheduled for **June 23, 2026 at 2:45 P.M. at the United States Bankruptcy Court, 400 W. Washington Street, 6th Floor, Courtroom 6C, Orlando, Florida 32801**.

# # #

Attorney R. Scott Shuker is directed to serve a copy of this Order on all interested parties and file a proof of service within three (3) days of entry of the Order.