ORDERED.

**Dated: July 16, 2026**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | |
| Bravo Brio Restaurants, LLC, *et al.*, | Case No. 6:25-bk-05224-LVV |
| | Jointly Administered[1] |
| Debtors. | Chapter 11 |

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS CASE came on for consideration, without a hearing, of the Motion for Reconsideration, as amended ("Motion for Reconsideration") (Doc. Nos. 538, 555) filed by inKind Cards Inc., inKind Warehouse Facility LLC, and inKind Credit Fund LP (collectively, "inKind"). By the Motion, inKind requests the Court reconsider under Rule 59 the Memorandum Opinion on Approval of Debtors' Disclosure Statement, Confirmation of Debtors' Joint Plan of Reorganization and Estimation of Claims ("Memorandum Opinion")(Doc. No. 526) and Order Confirming Debtors' Second Modified Plan of Reorganization, as amended ("Confirmation Order")(Doc. Nos. 529, 540). For the reasons stated herein, inKind's request to reconsider the Memorandum Opinion and Confirmation Order is denied.

[1] Jointly administered cases: Bravo Brio Restaurants, LLC, Case No: 6:25-bk-05224-LVV; Bravo (Louisville), LLC, Case No: 6:25-bk-05225-LVV; Brio (Cherry Hill), LLC, Case No: 6:25-bk-05226-LVV; Brio (Irvine), LLC, Case No: 6:25-bk-05227-LVV; Brio (Texas), LLC, Case No: 6:25-bk-05228-LVV.

## I. Background

The Court recites only those facts necessary to understand its ruling as interested parties are familiar with the case.[2] Before filing this case, Debtors and inKind entered into a Credit Purchase Agreement, which the parties later amended (as amended, the "Agreement"). On August 25, 2025 Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing these cases which are being jointly administered. During the bankruptcy case, Debtors filed a motion to reject the Agreement which the Court granted.

After the rejection, inKind filed three proofs of claim in each of the Debtors' bankruptcies. On December 9, 2025, Debtors filed their Disclosure Statement ("Disclosure Statement") and Plan of Reorganization, which was later modified ("Plan").[3] On December 10, 2025, the Court entered an order which conditionally approved the Disclosure Statement and scheduled a combined Disclosure Statement and confirmation hearing for January 27, 2026. Debtors later objected to inKind's proofs of claim and inKind filed an Emergency Motion to Estimate and/or Temporarily Allow Claims ("Motion to Estimate").[4]

The Court held a trial on January 27, 2026, to consider final approval of the Disclosure Statement, confirmation of Debtors' Plan, and the Motion to Estimate. The Court heard testimony from Debtors' general counsel, Jeffrey C. Sirolly, and Debtors' bankruptcy counsel, R. Scott Shuker.[5] For the reasons stated in the Memorandum Opinion, the Court estimated the claims of inKind at $0, approved the Disclosure Statement, and confirmed the Plan. The Court later entered the Confirmation Order.

---

[2] For those unfamiliar with this case, a detailed factual background may be obtained from Memorandum Opinion (Doc. No. 526) and to the extent necessary, are incorporated herein. The defined terms in this order are identical to those used in the Memorandum Opinion.

[3] Although Debtor later amended the plan, inKind's treatment under the various plans had not substantively changed.

[4] Doc. No. 342. inKind filed the Motion to Estimate on January 23, 2026.

[5] Mr. Shuker's testimony was limited to service of the Disclosure Statement.

On April 14, 2026, inKind filed the Motion for Reconsideration, which it later amended.[6] Debtors filed their opposition to the Motion for Reconsideration on May 1, 2026 and on May 8, 2026, inKind filed its reply.[7]

## II. Legal Standard

Reconsideration under Federal Rules of Civil Procedure 59 is only available upon discovery of newly available evidence or to correct manifest errors of law or fact.[8] *Hallucination Media, LLC v. The Ritz Ybor, LLC (In re Hallucination Media, LLC)*, No. 24-10194, 2024 WL 3898536 *7 (11th Cir. Aug. 22, 2024) citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Roth v. Russell*, No. 6:23-cv-722-JA-RMN, 2024 WL 382602 at * 2 (M.D. Fla. Feb. 1, 2024). A motion for reconsideration may not be used as an opportunity to reargue issues already decided, present new legal theories or provide another "bite at the apple" by allowing argument of issues and procedures that should have been raised before entry of an order. *In re Parker*, 378 B.R. 365, 371 (Bankr. M.D. Fla. 2007). Determining whether grounds exist for a new trial is left to the discretion of the trial court. *In re Regit*, No. 8:10–bk–29130–CED, 2012 WL 1983990 at *1 (Bankr. M.D. Fla. June 1, 2012); *In re Nofziger*, No. 6:04-bk-09253-KSJ, 2006 WL 1876952 at *1 (Bankr. M.D. Fla. June 29, 2006).

## III. Analysis

inKind asserts three grounds that demonstrate manifest errors of law and fact requiring reconsideration of the Memorandum Opinion and Confirmation Order. First, inKind contends that

---

[6] Doc. Nos. 538 and 555.
[7] Doc. Nos. 556 and 560.
[8] Federal Rules of Civil Procedure 59 is incorporated by Federal Rules of Bankruptcy Procedure 9023.

the Court erred with its interpretation of the Agreement—the Limitation of Liability Provision—to estimate inKind's claim. Second, if the Limitation of Liability Provision is ambiguous, inKind argues the Court erred by not providing inKind with due process and allowing inKind a fair and full opportunity to present evidence as to the parties' intent for the claim estimation. Third, inKind maintains that the Court erred by estimating inKind's claim at $0 because such determination is inconsistent with the Court's previous determination that Debtors could reject the Agreement as an executory contract.

It is clear, by the Motion, inKind attempts another "bite at the apple" arguing interpretations, issues and procedures that were or could have been raised before entry of the Memorandum Opinion and Confirmation Order. In interpreting the Agreement along with its provisions, the Court applied Delaware law, considered the plain language of the Agreement, and made its conclusions as discussed in the Memorandum Opinion. inKind simply disagrees with those conclusions. Nor was inKind deprived of due process or an opportunity to present evidence. inKind requested, on an emergency basis, that the Court estimate its claims under both § 502(c) and Rule 3018.[9] inKind had an opportunity to present evidence and did so, at the January 27, 2026 hearing.[10] As requested, the Court estimated inKind's claim as provided in the Memorandum Opinion.

Disappointed with this Court's interpretation of the Agreement, inKind now requests another chance to present evidence—pivoting that in the alternative, the Court consider the parties' intent respecting the Limitation of Liability Provision to support amounts owed to inKind for claim estimation. inKind however, fails to establish, how such evidence could be allowed under

---

[9] Doc. Nos. 342, 343. inKind filed the Motion to Estimate on January 23, 2026 and requested the matter be heard on or before January 27, 2026.
[10] Doc. No. 422. inKind offered 102 exhibits into evidence, all of which, except for exhibit 44, were admitted.

Delaware law as inKind argued (and still does) that the Agreement is unambiguous and as such, any evidence respecting the parties' intent could not have been considered. Finally, the Court's determination that the Agreement was executory due to obligations on both sides is not inconsistent with a ruling that no damages are owed once that Agreement is rejected. The Court made no finding regarding damages upon default. Accordingly, the Court's estimation of inKind's claim does not contradict a prior ruling in this case. inKind has not established that the Court disregarded, misapplied, or failed to recognize controlling precedent resulting in a manifest error of law or fact.

Accordingly, it is **ORDERED** that the Motion for Reconsideration (Doc. Nos. 538, 555) is **DENIED**.

###

Attorney Esther McKean is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.